### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES BROADHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA 13-257-WS-N |
| | ) | |
| GWENDOLYN GIVENS, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| JAMES BROADHEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CA 13-190-CB-N |
| | ) | |
| ASHLEY WALLS, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff James Broadhead filed the two above-styled and -numbered actions pursuant to 28 U.S.C. § 1983 currently before the undersigned United States Magistrate Judge. In CA 13-257-WS-N, Broadhead filed a Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2) instead of paying the filing fee, and he was ordered (Doc. 3) to supplement his motion no later than June 7, 2013; no supplement was filed. In CA 13-190-CB-N, Broadhead neither paid the filing fee nor filed an IFP Motion.

It is the undersigned's recommendation that both actions be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.*

In *Broadhead v. Folks*, CA 10–0506–WS–M, Magistrate Judge Milling observed,

> During the screening of this action under 28 U.S.C. § 1915(e)(2)(B), the Court discovered that, after reviewing the records of the United States District Court for the Southern, Middle, and Northern Districts of Alabama, Plaintiff has at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, namely, *Broadhead v. Hopkins, et al.*, CA 10-0439-LSC-RRA (N.D. Ala. June 18, 2010); *Broadhead v. McConuco, et al.*, CA 09-0384-CB-N (S.D. Ala. May 21, 2010); *Broadhead v. Kirrie, et al.*, CA 10-0053-VEH-RRA (N.D. Ala. Nov. 30, 2010); and *Broadhead v. O'Brian, et al.*, CA 10-0475-JHH-RRA (N.D. Ala. June 22, 2010). Thus, [Broadhead] has the dismissals that qualify the present Complaint for treatment under § 1915(g).

(Doc. 6, report & recommendation, entered Sept. 29, 2011; adopted as the order of the Court on Sept. 29, 2011 (*see* Docs. 7, 8).)

Here, Broadhead is not entitled to utilize the exception contained in § 1915(g) as he has neither shown nor alleged in the relevant complaints that he is under imminent danger of serious injury. *See Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a plaintiff must face imminent danger of serious physical injury at the time the complaint is filed, not at a prior time). In order to satisfy the exception to § 1915(g), plaintiff "must allege and provide ***specific*** fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of

imminent serious physical injury[.]"  *Ball v. Allen*, CA No. 06–0496–CG–M, 2007 WL 484547, at *1 (S.D. Ala. Feb. 8, 2007) (quotation and quotation marks omitted and emphasis added) (Granade, J.).  Broadhead has not done this.

Thus, considering Broadhead's contentions in the above-styled actions, there is no allegation of such imminent harm.  Because he cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $350.00 filing fee at the time he filed these actions, his complaints are due to be dismissed without prejudice.  *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (an action must be dismissed without prejudice when an inmate who is subject to § 1915(g) does not "pay the filing fee at the time he initiates the suit"); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (the filing fee paid must be paid by an inmate subject to § 1915(g) at the time an action is commenced), *cert. denied*, 535 U.S. 976 (2002).

It is therefore **RECOMMENDED** that the above-styled and -numbered actions be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

### Notice of Right to File Objections.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is

made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 20th day of June, 2013.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**